

FILED by _____ D.C.
MAY 25 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEONARDO A. CAVERO

    Plaintiff

Case No.: 12-21196-cv-ZLOCH/ROSENBAUM

THE LAW OFFICES OF ERSKINE & FLEISHER
SHERA ERSKINE ANDERSON, Individually
ANDREW D. FLEISHER, Individually
STANLEY B. ERSKINE, Individually

    Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANTS THE LAW OFFICES OF ERSKINE & FLEISHER ,ANDREW D. FLEISHER AND STANLEY B ERSKINE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW

Plaintiff, Leonardo A. Cavero hereby responds to Defendants THE LAW OFFICES OF ERSKINE & FLEISHER , ANDREW D. FLEISHER and STANLEY B. ERSKINE 's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law, and states:

### INTRODUCTION

1. It is difficult to comprehend the basis for Defendants' motion, which appears to have been filed in bad faith.

2. Plaintiff's First Amended Complaint specifies that THE LAW OFFICES OF ERSKINE & FLEISHER, SHERA ERSKINE ANDERSON ,ANDREW D. FLEISHER and STANLEY B. ERSKINE committed many violations of the FDCPA and FCCPA by illegally attempting to collect on a nonexistent debt. The factual bases of Plaintiff's allegations against Defendants is crystal clear: Please also see PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14]

"#39(a) by use of any other false deceptive or misleading representation...", Defendant has no standing in State court lawsuit.

"#39(b), by falsely representing the character amount or legal......".Plaintiff is not in receipt of any signed agreement or ledger of alleged account to prove what is owed.". PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14, #18 and 19].

"#39(c), by threatening to take any action that could not legally be taken.....", Defendant filed a lawsuit in state court without any authenticated document to prove his claim. PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14, #8, #13 and 14].

"#39(d), by the use of any false representation or deceptive means to collect or attempt to collect any debt..." There is no evidence of authorization to represent FIA CARD SERVICES and Defendants are deceiving the state court as to their claims of representation of FIA CARD SERVICES, PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14, #8, #17 and 19].

"#39(e), by failing to warn plaintiff in all communications that they were debt collectors." The Mini Miranda was no stated properly in most of Defendants communications with the Plaintiff.

"#39(g), by not ceasing collection efforts until debt is validated', continue litigation in state court filed law suit is a BLATANT violation of the FDCPA and FCCPA by all the Defendants. The filing of Judicial Notices of all UNAUTHENTICATED documents in State Court and also in Federal Court constitute acceptance of violation of the FDCPA AND A WASTE OF TIME FOR this Honorable Court. Please see also, PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14, #14].

A copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn.1 (1986). and Solon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N. E.2d 1045 (3Dist. 1987).

The debt collector must actually review the file. 15 USC 1692e (g). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Gammon v. GC Services Ltd. Partnership, C.A.7 (Ill.) 1994, 27 F.3d 1254, on remand 162 F.R.D. 313.

3. If true and Plaintiff affirmatively asserts that all of these statements are true, #39 a, b, c, d, e and g are inherently a clear-cut violation of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

4. It is not necessary in this Response to outline exactly how The DEFENDANTS' actions violated the law. DEFENDANTS's own motion does this quite effectively. Unfortunately this fact seemed to escape the attention of DEFENDANTS s attorney, Stanley B. Erskine, also a Defendant in this case.

5. Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its ILLEGAL ACTIVITIES EXPOSE.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the standard of review is well-settled:

"In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-plead allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993), citing *DeSole v. United States,* 947 F.2d 1169, 1171 (4th Cir. 1991).

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2nd 80 (1957).

Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits reference to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession (PLAINTIFF'S AFFIDAVITT OF FACTS [DE 14]) or of which plaintiff had knowledge and relied on in bringing the suit. *Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2nd Cir. 1993)."In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh,* 823 F.Supp. 209, 215 (S.D. N.Y.1993).

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

WHEREFORE, Plaintiff requests that the Court deny Defendants THE LAW OFFICES OF ERSKINE & FLEISHER, ANDREW D. FLEISHER and STANLEY B. ERSKINE's Motion to Dismiss Plaintiff's First Amended Complaint Respectfully submitted,

Dated: May 25, 2012

Leonardo A. Cavero
14933 SW 179 ST
MIAMI FL 33187
Phone #:305-510-3564
Email:leoadi11@hotmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be filed with the Clerk of Court and served properly by U.S. certified Mail this 25$^h$ day of May 2012 to the parties listed below.

THE LAW OFFICES OF ERSKINE & FLEISHER
SHERA ERSKINE ANDERSON, ESQ
ANDREW D. FLEISHER, ESQ
STANLEY B. ERSKINE, ESQ.
55 WESTON ROAD, # 300
FORT LAUDERDALE FL. 33326
Stanley_Erskine@EFlaw.net