UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21196-CIV-ZLOCH/OTAZO-REYES

LEONARDO A. CAVERO,

      *Pro se* Plaintiff,

v.

THE LAW OFFICES OF ERSKINE & FLEISHER,
SHERA ERSKINE ANDERSON, Individually,
ANDREW D. FLEISHER, Individually,
STANLEY B. ERSKINE, Individually,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants, The Law Offices of Erskine & Fleisher ("Erskine & Fleisher"), Andrew D. Fleisher ("Fleisher"), Stanley B. Erskine ("Erskine"), and Shera Erskine Anderson ("Anderson")'s (collectively, "Defendants") Motion to Dismiss *Pro se* Plaintiff Leonardo A. Cavero's ("Plaintiff") First Amended Complaint (hereafter, "Motion to Dismiss") [D.E. 16].[1] This case was referred to the undersigned pursuant to 28 U.S.C. § 636 by The Honorable William J. Zloch, United States District Judge [D.E. 22 & 44]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Dismiss be GRANTED without prejudice to Plaintiff's filing an amended pleading.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action on March 28, 2012, with the filing of his initial complaint. [D.E. 1]. On April 25, 2012, Plaintiff filed his First Amended Complaint. [D.E. 12].

---

[1] Erskine & Fleisher, Fleisher and Erskine filed the Motion to Dismiss on May 8, 2012 [D.E. 16]. Anderson adopted the motion in its entirety on May 31, 2012 [D.E. 38].

Therein, Plaintiff alleges the following pertinent facts:

On or about October 5, 2010 Plaintiff received a letter from Erskine & Fleisher attempting to collect "an alleged and non existent debt." [D.E. 12 at ¶ 12]. On October 23, 2010, Plaintiff responded with a validation letter requesting verification of the alleged debt. Id. at ¶ 14. On August 18, 2011, Plaintiff received a second letter from Erskine & Fleisher attempting to collect the same alleged debt. Id. at ¶ 16. On August 25, 2011, Plaintiff sent a second validation request letter. Id. at ¶ 19. Plaintiff never received validation of the debt or any documents or general ledger of account verifying that any money was owed to Defendants or any other entity. Id. at ¶¶ 18, 24.

On February 25, 2012, Plaintiff was served with a summons and complaint in a state court lawsuit filed by FIA Card Services. Id. at ¶ 21. The complaint was signed by Anderson. Id. at ¶ 26. In that action, Fleisher and Erskine each signed a "Notice of Confidential Information." Id. at 27, 28. On March 26, 2012, Plaintiff received an email from Erskine with a notice at the bottom stating "THIS IS AN ACTION TO COLLECT A DEBT." Id. at ¶¶ 34, 35.

Based on these allegations, Plaintiff asserts two claims against Defendants:

> Count I - Violations of the Fair Debt Collection Practices Act (hereafter, "FDCPA"), 15 U.S.C. § 1692 et. seq.;

> Count II – Violations of the Florida Consumer Collection Practices Act (hereafter, "FCCPA"), FLA. STAT. § 559.72 et. seq.

In Count I, Plaintiff alleges that Defendants violated the following provisions of the FDCPA:

- ➢ Section 1692e - "by use of any other false, deceptive, or misleading representation or means in connection with the collection of a debt"

- ➢ Section 1692e(2) - "by falsely representing the character amount or legal status of any debt:"

➢ Section 1692e(5) - "by threatening to take any action that could not legally be taken or that was not intended to be taken"

➢ Section 1692e(10) - "by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"

➢ Section 1692e(11) - "by failing to warn Plaintiff that they were debt collectors"

➢ Section 1692f(1) - "by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"

➢ Section 1692g(b) - "by not ceasing collection efforts until the debt was validated"

In Count II, Plaintiff alleges that Defendants violated the following provisions of the FCCPA:

➢ Section 559.72(6) - "by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days"

➢ Section 559.72(9) - "by claiming, attempting or threatening to enforce a debt, when such persons knew that the debt was not legitimate"

Defendants present four separate arguments in support of their Motion to Dismiss: (1) Plaintiff failed to allege that the debt in question is a "consumer debt," as required by the FDCPA and/or FCCPA [D.E. 16 ¶ 8-10]; (2) Plaintiff's claims under 15 U.S.C. §§ 1692e(11) and 1692g should be dismissed because Defendants complied with their disclosure obligations

under those FDCPA provisions [D.E. 16 ¶ 11-13];[2] (3) Plaintiff's claim under 15 U.S.C. § 1692g(b) should be dismissed because Defendants complied with their duties under that provision [D.E. 16 ¶ 14-19]; and (4) the filing of a state court action against the Plaintiff did not constitute a violation of the FDCPA or the FCCPA. [D.E. 16 ¶ 20-25].[3] For the reasons set forth below, the undersigned concludes that the Motion to Dismiss should be GRANTED without prejudice in order to allow the Plaintiff, who is proceeding *pro se*, to amend his complaint.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, "[the] Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Further, [the] Court favors the plaintiff with all reasonable inferences from the allegations in the complaint." Kinkaid v. Allied Interstate, L.L.C., No. 8:11-cv-2288-T-33MAP, 2012 WL 1574232, *1 (M.D. Fla. May 3, 2012) (citing Stephens v. Dep't of Health & Human Servs., 901 F.3d 1571, 1573 (11th Cir. 1990)). The United States Supreme Court has now abandoned the "no set of facts" test established in Conley v. Gibson, 355 U.S. 41 (1957), in favor of a "plausibility standard." Speaker v. U.S. Dep't of Health & Human Servs. Ctr. for Disease Control and Preven., 623 F.3d 1371, 1380 (11th Cir. 2010). Under the "plausibility standard," the Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "This rule does not impose a probability requirement at the pleading stage. The test is whether the complaint 'succeeds in identifying facts that are suggestive enough to render [the claim] plausible.' 'Plausible' is a level of certainty somewhere

---

[2] Plaintiff has not asserted a claim under 15 U.S.C. § 1692g; he has only alleged a violation of 15 U.S.C. § 1692g(b). Therefore, the undersigned will only discuss this argument with regards to 15 U.S.C. § 1692e(11).
[3] Although Defendants labeled this last argument as a failure to comply with Rules 8(a), 10(c) and 12(b)(6) of the Federal Rules of Civil Procedure in their Motion to Dismiss, the thrust of their contention is as discussed above.

4

between 'possible' and 'probable.'" Ruby Tuesday, Inc. v. Emmanuel Sheppard & Condon P.A., No. 3:09-cv-438-RV-MD, 2009 WL 5218026, *2 (N.D. Fla. Dec. 30, 2009) (citation omitted). In cases where a plaintiff in proceeding *pro se*,

> [c]ourts do and should show a leniency [] not enjoyed by those with the benefit of a legal education. A plaintiff's *pro se* status must be considered alongside the pleading requirements of Twombly and Iqbal. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.

Robbins v. U.S. Dep't of Def., No. 2:11cv567, 2012 WL 3023261, *1 (M.D. Ala. June 28, 2012) (internal quotations and citations omitted). *See also* Acosta v. Watts, 281 Fed. Appx. 906, 908 (11th Cir. 2008) ("We construe liberally *pro se* pleadings, accept allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.").

## DISCUSSION

### 1. PLAINTIFF'S COMPLAINT DOES NOT SUFFICIENTLY ALLEGE THAT THE DEBT IN QUESTION IS A "CONSUMER DEBT."

Defendants first argue that Plaintiff failed to sufficiently allege that the debt in question arose from a "consumer transaction;" hence, the "debt" cannot be classified as a "consumer debt" within the scope of the FDCPA and/or the FCCPA. [D.E. 16 ¶ 8-10].

### a. "CONSUMER DEBT" UNDER THE FDCPA.

In order to state a claim under the FDCPA, the Plaintiff must allege, among other things, that he has been the "object of collection activity arising from *consumer debt*." Michaels v. Satish, No. 10-21034-CV, 2011 WL 3439250, *3 (S.D. Fla. July 18, 2011). The FDCPA defines a "consumer" as a "natural person" who is "obligated or allegedly obligated to pay any debt." *See* 15 U.S.C.A. 1692a(3) (West 2012).The FDCPA defines "debt" as, "an 'obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family,*

5

or householder purposes." <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp.2d 1361, 1366 (M.D. Fla. 2002) (internal citations omitted) (emphasis added). *See also* 15 U.S.C. A. § 1692a(5) (West 2012).

### b. "CONSUMER DEBT" UNDER THE FCCPA.

Similarly, to state a claim for relief under the FCCPA the Plaintiff must allege that the debt collection efforts in question arose from an attempt to collect a "consumer debt." See <u>Elmore v. Ne. Fla. Credit Bureau, Inc.</u>, No. 3:10-cv-573-J-37JBT, 2011 WL 4480419, *2 (M.D. Fla. Sept. 27, 2011). Under the FCCPA, a

> "Debt" or "*consumer debt*" means any obligation or alleged obligation of a consumer to *pay money arising out of a transaction* in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment.

FLA. STAT. ANN. § 559.55(1) (West 2012) (emphasis added). Further, the FCCPA defines "Debtor" or "consumer" as any "natural person obligated or allegedly obligated to pay any debt." FLA. STAT. ANN. § 559.55(2) (West 2012). These definitions track the FDCPA definitions of these terms. In addition, the FCCPA specifies that Florida Courts must give "due consideration and great weight" to "the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act [FDCPA]" when applying the FCCPA. FLA. STAT. ANN. § 559.77(5) (West 2012). *See also* <u>Bacelli v. MFP, Inc.</u>, 729 F. Supp.2d 1328, 1333 (M.D. Fla. 2010); <u>Wright v. Buss Ross, P.A.</u>, No. 8:07-cv-1885-T-23MAP, 2008 WL 190466, *3 (M.D. Fla. Jan. 18, 2008) (explaining the relationship between the FCCPA and FDCPA).

### c. THE INSUFFICIENCY OF PLAINTIFF'S "CONSUMER DEBT" ALLEGATIONS UNDER BOTH THE FDCPA AND FCCPA.

In his First Amended Complaint, Plaintiff alleges that he "is a natural person and is a

6

resident of the State of Florida." [D.E. 12 ¶ 7]. This allegation satisfies the definition of "consumer" under the FDCPA and the FCCPA. *See* 15 U.S.C.A. § 1692a(3) (West 2012); FLA. STAT. ANN. § 559.55(2) (West 2012). However, Plaintiff has failed to allege any set of facts that allow a reasonable inference that the transaction or transactions that gave rise to the "alleged debt," which Defendants have attempted to collect from him, were made "primarily for personal, family, or household purposes" as required by the FDCPA and FCCPA. *See* 15 U.S.C.A. § 1692a(5) (West 2012); FLA. STAT. ANN. § 559.55(1) (West 2012). Plaintiff merely alleges that the debt is "non existent." [D.E. 12 ¶ 12]. Accordingly, Defendants are entitled to dismissal, without prejudice, of the First Amended Complaint on these grounds.

Because the undersigned is recommending that the dismissal be without prejudice, the undersigned will address Defendants' remaining three arguments in favor of dismissal.[4]

### 2. PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY STATES A CAUSE OF ACTION FOR VIOLATION OF 15 U.S.C. § 1692e(11).

In their Motion to Dismiss, Defendants argue that, contrary to Plaintiff's allegations, their communications with him contained the information required by 15 U.S.C. § 1692e(11). [D.E. 16 ¶ 12]. By way of background, 15 U.S.C. § 1962e generally prohibits the use of false, deceptive, or misleading debt collection methods. *See* 15 U.S.C.A. § 1692e (West 2012). Subsection eleven of this provision specifies that the initial communications between a debt collector and a consumer must state: (1) that the debt collector is attempting to collect a debt, and (2) that all communication between the collector and consumer will be used for that limited

---

[4] If Plaintiff does not amend his complaint to include factual allegations that allow a reasonable inference that the debt in question is a "consumer debt," the action must be dismissed because only efforts to collect upon "consumer debt" are within the scope of the FDCPA and FCCPA. *See* Fuller v. Becker & Poliakoff, P.A., 192 F. Supp.2d 1361, (M.D. Fla. 2002) (discussing that the debt collection practices challenged must be to collect on a "consumer debt" for the plaintiff to prevail on any FDCPA claim); Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 839 (11th Cir. 2010) ("the FCCPA definition of 'debt' is identical to that found in the FDCPA.").

7

purpose. 15 U.S.C.A. § 1692e(11) (West 2012). Subsection eleven also provides that in subsequent communications between the debt collector and the consumer, the debt collector must identify himself as a "debt collector." Id.

In his First Amended Complaint, Plaintiff alleges that Defendants failed to warn him that they were debt collectors [D.E. 12 ¶ 39], and that Defendants did not strictly adhere to the language of the "Mini-Miranda" warning in their communications with him. [D.E. 12 ¶ 32, 33].[5] Taking the Plaintiff's allegations as true, Plaintiff's pleading is sufficient to state a claim for violation of 15 U.S.C. § 1692e(11). See Twombly, 550 U.S. 544, 572 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'"). In other words, Plaintiff's factual allegations are enough to establish that he has a plausible right to recover under 15 U.S.C. § 1692e(11). See Hawk v. Klaetsch, No. 12-0058-WS-B, 2012 WL 1109060, *1 (S.D. Ala. Apr. 3, 2012) ("Though they need not be detailed, '[f]actual allegations must be enough to raise a right to relief above the speculative level....' [] That is, the complaint must allege 'enough facts to state a claim for relief that is plausible on its face.'").

To support their argument that they complied with their obligations under 15 U.S.C. § 1692e(11), Defendants ask the Court to examine the contents of two judicially noticed documents, namely exhibits two (2) and four (4) to their Motion for Judicial Notice. [D.E. 16 ¶ 12]. However, Defendants' request ignores the fact that the Court cannot examine the contents of these documents. While the undersigned granted Defendants' Motion for Judicial Notice of

---

[5] The requirements under 15 U.S.C. § 1692e(11) that in the initial communications between the debt collector and the consumer, the debt collector must indicate: (1) that he or she is attempting to collect a debt, and (2) that the information obtained will be used solely for that purpose; and that in all subsequent communications between the debt collector and the consumer, the debt collector must indicate that he or she is a debt collector, have been commonly referred to as a "Mini-Miranda" warning. Leahey v. Franklin Collection Serv., Inc., 756 F. Supp.2d 1322, 1325 (N.D. Ala. 2010).

these documents, it noticed only the fact of filing the documents in a state court proceeding against Plaintiff, and declined to take judicial notice of the contents of the documents. [D.E. 45 p. 5]. As explained in the Court's order, judicial notice of documents filed in another court may be noticed only to establish the fact of the litigation, not for the "truth of the matters asserted in the other litigation." Id. (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)). Therefore, Defendants' contention is unavailing.

Further, Defendants' argument improperly attacks the factual accuracy of Plaintiff's allegations, rather than the adequacy of the facts pled in the complaint. *See* Amalgamated Bank of New York v. Marsh, 823 F. Supp. 209, 215 (S.D.N.Y. 1993) ("[I]n short, [t]he function of a motion to dismiss is merely to asses[s] the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."). *See also* Twombly, 550 U.S. at 585 ("[A] Rule 12(b)(6) is not an appropriate device for testing the truth of what is asserted or for determining whether a plaintiff has any evidence to back up what is in the complaint."); Carpathian Res., Ltd. v. DAER Holdings, L.L.C., No. 8:12-cv-702-T-30MAP, 2012 WL 2463877, *1 (M.D. Fla. June 27, 2012) ("[T]o be clear, the Court cannot consider disputed facts at [the motion to dismiss] stage; it is bound to accept as true the well-pled allegations. If [Defendant] disagrees with the factual allegations of the complaint, it can file a motion for summary judgment at the appropriate time.").

Because Plaintiff's First Amended Complaint contains sufficient factual allegations to support a plausible right to relief for violation of 15 U.S.C. § 1692e(11), the undersigned respectfully recommends that the Motion to Dismiss based on these grounds be DENIED.

### 3. PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY STATES A CAUSE OF ACTION FOR VIOLATION OF 15 U.S.C. §1692g(b).

Defendants next argue that they complied with their obligations under §1692g(b) by

9

sending adequate verification of the alleged debt in response to Plaintiff's request.

15 U.S.C. §1692g(b) comes into play when a consumer has disputed an alleged debt within thirty-days of receiving notice of the debt. *See* 15 U.S.C.A. §1692g(b) (West 2012).[6] The statute provides that, after receiving a dispute from the consumer, the "debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector." Id. "Verification" under 15 U.S.C. § 1692g(b) must be made in a separate communication, distinct and apart from the initial communications between the consumer and the debt collector. *See* Anderson v. Frederick J. Hanna & Assocs., 361 F. Supp.2d 1379, 1383 (N.D. Ga. 2005). In addition, the verification must be in writing, and must confirm both the charge allegedly owed and the amount of the charge. Id.

In Plaintiff's First Amended Complaint, he alleges that, notwithstanding his two requests for validation of the alleged debt, he never received *any* validation from Defendants. [D.E. 12 ¶¶ 14, 19 & 24]. Taking these factual allegations as true, Plaintiff has stated a sufficient claim for violation of 15 U.S.C. § 1692g(b) because the statute requires that Defendants send a verification in response to a timely request before resuming debt collection efforts. *See* 15 U.S.C.A. § 1692g(b) (West 2012).

In support of dismissal of this claim, Defendants ask the Court to consider the contents of exhibits three (3), four (4), five (5), six (6), and seven (7) to their Motion for Judicial Notice. Specifically, Defendants argue that the contents of the judicially noticed exhibits show that their communications with Plaintiff contained legally sufficient verification of the debt, because a

---

[6] As a threshold matter, Plaintiff has alleged that he received the initial communication from Defendants on October 5, 2010 [D.E. 12 ¶ 12], and that he requested verification on October 23, 2010. [D.E. 12 ¶ 14]. Based on these allegations, Plaintiff disputed the debt in eighteen days, well within the statutory thirty-day period. *See* 15 U.S.C.A. § 1692a(4) (West 2012).

10

validation of debt does not need to contain a "detailed accounting of debt" in order to comply with the validation requirements of 15 U.S.C. § 1692g(b). [D.E. 16 ¶¶ 16, 17] (citing Maynard v. Cannon, 401 Fed. Appx. 389, 396 (10th Cir. 2010)). However, as discussed in detail above, it is not proper for the Court to consider the contents of the judicially noticed documents from the state court action.[7] Further, Plaintiff's First Amended Complaint alleges that he "never received validation of debt from Defendants," [D.E. 12 ¶ 24] and at the motion to dismiss stage, the Court must accept Plaintiff's allegations as true. *See* Kinkaid v. Allied Interstate, L.L.C., No. 8:11-cv-2288-T-33MAP, 2012 WL 1574232, *1 (M.D. Fla. May 3, 2012). Thus, Defendants' attack on the factual accuracy of Plaintiff's allegations, rather than the sufficiency of the alleged facts, is misplaced at the motion to dismiss stage.

Because Plaintiff's pleading raises a plausible right of relief for violation of 15 U.S.C. 1692g(b), *see* Ruby Tuesday, Inc., 2009 WL 5218026 at *2, the undersigned respectfully recommends that the Motion to Dismiss based on these grounds be DENIED.

**4. PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT DEFENDANTS' ACT OF FILING AN ACTION AGAINST PLAINTIFF IN STATE COURT VIOLATED THE FDCPA AND FCCPA.**

Defendants argue that Plaintiff's First Amended Complaint "is clearly deficient" in establishing that Defendants acts of filing a claim against Plaintiff in state court, serving Plaintiff with summons and complaint, and filing notices of confidential filing in the state court action, violated Plaintiff's rights under the FDCPA and the FCCPA. [D.E. 16 ¶ 20, 21].

**a. PLAINTIFF'S PLEADING IS SUFFICIENT UNDER THE FDCPA.**

There is nothing in the plain language of the FDCPA that extinguishes a creditor's right to secure a debt by filing an action in state court. Shimek v. Weissman, Nowack, Curry & Wilco, P.C., 374 F. 3d 1011, 1013 (11th Cir. 2004). However, if a consumer requests verification of an

---

[7] *See supra*, Section 2.

alleged debt, the debt collector is prohibited from filing an action in state court, unless and until he or she provides the consumer with the requested verification. *See* 15 U.S.C.A. § 1692g(b) (stating that after a timely request for verification the debt collector must either provide verification or cease all debt collection efforts); Taylor v. Heath W. Williams, L.L.C., 510 F. Supp.2d 1206, 1214 (N.D. Ga. 2007) (explaining that a lawsuit is an attempt to collect debt, and as such it must comply with 15 U.S.C. § 1692g(b)); Anderson, 361 F. Supp.2d at 1383 (finding that a lawsuit 'obviously' constitutes an attempt to collect a debt, and that the debt collector violated the FDCPA when it filed a lawsuit after receiving a valid request for verification).

As noted above, Plaintiff alleges that he never received *any* verification from Defendants, but that he received a notice, signed by Defendant Anderson on behalf of Erskine & Flesher, that a state court action had been filed against him to collect the alleged debt. [D.E. 12 ¶ 24, 17, 21, 22 & 26]. These factual allegations are sufficient to raise a plausible right of relief under the FDCPA, because the act prohibits debt collectors from bringing a state court proceeding against a consumer after the consumer has requested verification of the alleged debt, but before the debt collector provides the requested verification. *See* Shimek, 374 F.3d at 1013. Therefore, the undersigned respectfully recommends that the Motion to Dismiss based on these grounds be DENIED.

### b. PLAINTIFF'S PLEADING IS SUFFICIENT UNDER THE FCCPA.

Defendants also contend that Plaintiff failed to allege that Defendants violated the FCCPA by filing an action in state court to collect the alleged debt owed by Plaintiff. The FCCPA provides that a debt collector may not enforce a debt that he knows is not legitimate. *See* FLA. STAT. ANN. § 559.72(9) (West 2012). In his First Amended Complaint, Plaintiff alleges that he requested verification of the alleged debt two times, and did not receive verification. [D.E. 12

¶¶ 14, 19, & 24]. He also alleges that Defendants are not in possession of any documents that prove the existence of the debt in question. [D.E. 12 ¶ 17]. These factual allegations make it plausible that Defendants were attempting to enforce a debt with knowledge that the debt was not legitimate. See Ruby Tuesday, Inc., 2009 WL 5218026 at *2. Accordingly, Plaintiff's First Amended Complaint contains adequate factual allegations to raise a plausible right to relief for violation of the FCCPA. Therefore, the undersigned respectfully recommends that Defendants' Motion to Dismiss based on these grounds be DENIED.

## CONCLUSION

Based on the foregoing considerations, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss [D.E. 16] be GRANTED without prejudice, and that Plaintiff be allowed to file an amended pleading that cures the defects discussed in Section 1, *supra*. Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable William J. Zloch, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Loconte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

RESPECTFULLY SUBMITTED on this 15th day of November, 2012.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William J. Zloch
Counsel of Record
Leonardo Cavero, *pro se*
14933 S.W. 179th Street, Apt. 110
Miami, Florida 33187